IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OTELIA C. LONG, | ) | CASE NO. 5:10 CV 2422 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Otelia C. Long, for disability insurance benefits and supplemental security income.[2] After the Commissioner answered Long's complaint,[3] the parties briefed their positions,[4] filed supporting material,[5] and participated in oral argument.[6]

---

[1] Non-document order of October 25, 2010.

[2] ECF # 1.

[3] ECF # 8.

[4] ECF # 14 (Commissioner's brief); ECF # 15 (Long's brief); ECF # 17 (Commissioner's reply brief).

[5] ECF # 11 (Long fact sheet); ECF # 14, Attachment 1 (Commissioner's charts).

[6] ECF # 19.

For the reasons that follow, I will recommend affirmance of the decision of the Commissioner as supported by substantial evidence.

## The ALJ's Decision

As related by the ALJ, Long was 27 years old at the time of the alleged onset of disability in 2002[7] and entered special education classes in the second grade.[8] She has continued to "need help" with reading and spelling.[9] She could not recall the last grade completed in school but testified that she never attempted to obtain a GED.[10] She does not have a driver's license and has worked part-time cleaning buildings for the past four and one-half years.[11] Long has an apartment but spends a "lot of time" at her boyfriend's house, where she makes simple meals if the words in the recipe "are not too hard."[12]

Long, who is right-handed, had a cyst on her left wrist, which caused tingling sensations, removed in 2005.[13] Long told the ALJ that she has no feeling in the wrist nor in

---

[7] Tr. at 20 (ALJ opinion).

[8] *Id.* at 18.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

the top of her hand, thus making it difficult to lift items.[14] Notwithstanding this complaint, the ALJ found that following the 2005 surgery Long had full range of motion in her wrist and by 2006 was no longer complaining of tingling or numbness.[15]

As to mental limitations, the ALJ noted that Long "has borderline intellectual functioning and a learning disorder."[16] He further stated that, although Long had a history of learning disabilities, there was "no history of psychiatric care or psychological testing."[17] In that regard, however, the ALJ found that Long "was administered intelligence testing, but the score validity is listed as 'questionable.'"[18]

In sum, the ALJ found that Long had severe impairments consisting of status/post excision ganglion cyst left wrist and right wrist excision; anemia; and learning disorder.[19] Given those impairments, the ALJ then made the following finding regarding Long's residual functional capacity (RFC):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that she is limited to simple routine work. She must have directions given orally or by demonstration. She could have

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 19.

[19] *Id.* at 15.

superficial contact with co-workers and occasional interaction with the public, but without negotiation or confrontation.[20]

Although the ALJ determined that Long had no past relevant work,[21] he went on to find, based on testimony from a vocational expert, that Long, with her RFC, was capable of adjusting to other jobs, such as hand packer, kitchen helper or laundry worker, that exist in significant number in the national, state, and local economies.[22] The ALJ concluded, therefore, that Long was not disabled and so denied the applications.[23] The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review.

## Issues Presented

In her brief Long asserts four issues:

1. Does substantial evidence support the ALJ's finding that Long's IQ scores did not meet a listing?

2. Did the ALJ err by not requesting additional medical expert testimony on the issue of equivalence to a listing?

3. Does substantial evidence support the ALJ's step five conclusion that Long was not disabled because, based on the VE's testimony, she could perform a significant number of jobs?

---

[20] *Id.* at 17.

[21] *Id*. at 20.

[22] *Id*. at 21.

[23] *Id*.

4. Does substantial evidence support the ALJ's finding that Long was only partly credible?[24]

## Analysis

**A.    Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[25]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner

---

[24] ECF # 15 at 4.

[25] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[26] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[27]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

1. *Substantial evidence supports the finding that Long's IQ scores do not meet the listing.*

Long has abandoned the argument related to IQ scores within the brief itself[28] and at the oral argument.

2. *Substantial evidence supports the finding that Long's impairments did not equal a listing.*

As to the argument that the ALJ should have obtained additional medical testimony on the issue of equivalency, Social Security Regulation 96-6p specifically states that an ALJ's decision that an impairment does not equal a listing has the support of sufficient expert opinion evidence if the record contains evaluations by a State agency medical or

---

[26] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[27] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[28] *Id.* at 5. "While counsel [for Long] does not believe the ALJ's articulation of his finding that Long did not meet a listed impairment [as to mental illness] was adequate, review of the material convinces counsel that this argument [concerning treatment of IQ scores] is not valid in this circumstance."

psychological consultant.[29] Because the ALJ here had such evaluations from two state agency sources, there was no requirement under the regulations for additional testimony.[30]

### 3. *Substantial evidence supports the credibility finding.*

Long challenges the ALJ's credibility finding because he did not articulate which parts of Long's testimony were believable and which were not.[31] The ALJ did explain that Long's testimony regarding the intensity, persistence, and limiting effect of her symptoms was inconsistent with the RFC findings.[32] In fact, the ALJ devoted an extensive paragraph to citations from medical evidence in the record showing that such evidence "does not support Ms. Long's contention that her severe impairments are disabling."[33] Contrary to Long's argument, there exists no requirement that an ALJ articulate with particularity which of a claimant's statements are not credible.[34]

### 4. *Substantial evidence supports the ALJ's step five finding.*

Long's most significant challenge centers on the hypothetical posed to the VE by the ALJ. Long argues that it lacks a foundation in substantial evidence because it did not contain a provision of a "job coach" to perform any duties. Although Dr. E.M. Bard, Ph.D., an

---

[29] SSR 96-6p, 1996 WL 374180, at *3.

[30] ECF # 17 at 2.

[31] *Id.* at 3 (citing ECF # 15 at 11).

[32] *Id.* at 3 (citing Tr. at 18).

[33] Tr. at 18.

[34] *E.g.*, *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 223 (6th Cir. 2010).

examining psychologist who provided an RFC opinion after examining Long in 2006,[35] stated that Long "may require" the assistance of a job coach on the job site,[36] Dr. Bard did not state that Long required such a coach to function on the job within the limits of the RFC. Moreover, state agency psychologist Bruce Goldsmith reviewed Dr. Bard's report and did not find that Long required a job coach.[37] This was similar to the response of Cindy Matyi, Ph.D., who affirmed Goldsmith's mental RFC findings and did not require a job coach.[38]

At the oral argument Long conceded that at the hearing her attorney obtained the agreement of the VE that a job coach would be a work accommodation.[39] She did not follow up to ask how that accommodation would affect the occupational base – *i.e.*, the number of jobs in the national, state, and local economies Long could perform with her RFC.[40]

In summary, Dr. Bard's report never made a job coach mandatory, nor explicitly conditioned his RFC findings on such a job accommodation. Further, Dr. Bard's report containing the job coach reference was reviewed several times by state agency medical sources, and these sources did not elevate it to a requirement. Substantial evidence supports

---

[35] Tr. at 259-63.

[36] *Id.* at 263.

[37] Tr. at 222.

[38] *Id.* at 191.

[39] *Id.* at 679.

[40] *Id.*

Case: 5:10-cv-02422-SL  Doc #: 20  Filed: 02/10/12  9 of 9.  PageID #: 147

the ALJ's decision not to include the necessity for a job coach in the RFC finding or the hypothetical posed to the VE.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Long had no disability. Accordingly, I recommend that the decision of the Commissioner denying Long disability insurance benefits and supplemental security income be affirmed.

Dated:  February 10, 2012                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[41]

---

[41] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).